RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
SYLVIA A. IRVIN
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Sylvia_Irvin@fd.org

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES KING,<br><br>Defendant. | Case No. 2:08-cr-00322-JAD-GWF-1<br><br>**AMENDED[1] JOINT STIPULATION FOR SENTENCE REDUCTION PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**<br>& ORDER DIRECTING ENTRY OF AMENDED JUDGMENT<br>ECF Nos. 82, 91, and 92 |

The United States of America, by Assistant United States Attorney Elizabeth O. White, and Defendant Charles King, by Assistant Federal Defender Sylvia Irvin, submit this Amended Joint Stipulation pursuant to the First Step Act and ask this Court to enter an amended judgment reducing Mr. King's sentence of imprisonment to 147 months and his term of supervised release to 4 years. The parties agree and stipulate as follows:

**A.      Background**

The parties agree that Section 404 of the First Step Act of 2018, enacted on December 21, 2018, authorizes a district court to impose a reduced sentence for crack-cocaine convictions where, had the Fair Sentencing Act (FSA) of 2010 been in effect at the time of the initial sentencing, the statutory penalties for the crack-cocaine offense would have been

---

[1] The following motion is amended to reflect a scrivener's error on page 3, lines 11 and 12 and to update Mr. King's sentence computation.

lower. Further, the parties agree that Mr. King is eligible for imposition of a reduced sentence under Section 404 of the First Step Act.

On December 2, 2008, Mr. King was indicted on three counts: felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), possession with intent to distribute cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2, and using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[2] On January 27, 2009, a superseding indictment was filed alleging the same counts as the original indictment and adding a forfeiture allegation.[3]

On March 24, 2009, a jury found Mr. King guilty of all three counts.[4] With a base offense level of 24 and a Criminal History Category of I, the guideline range for Counts 1 and 2 was 60-63 months.[5] Based on the finding of 13.69 grams of cocaine base as to Count 2, the minimum term of imprisonment was 5 years and the maximum term was 40 years.[6] As to Count 3, Mr. King faced a minimum mandatory term of 10 years to life consecutive to Count 2.[7] On July 13, 2009, Mr. King was sentenced to concurrent terms of 60 months as to Counts

---

[2] ECF No. 1.
[3] ECF No. 22.
[4] ECF Nos. 44, 50.
[5] PSR at 19, ¶80.
[6] PSR at 6, ¶ 18; 21 U.S.C. § 841 (b)(1)(B)(iii);.
[7] PSR at 6.

2

1 and 2 followed by a consecutive term of 120 months as to Count 3, for a total of 180 months' imprisonment.[8]

## B. Application of the FSA and Amendment 782 to Defendant's Term of Imprisonment

The FSA's modified penalty structure would have applied to Mr. King's crack-cocaine conviction had the FSA been in effect at that time. Accordingly, the Court is authorized to impose a reduced sentence under Section 404 of the First Step Act. Under the FSA, Mr. King's statutory range is 0 to 20 years, and under retroactive Amendment 782 to the United States Sentencing Guidelines, his advisory guideline range is 27-33 months.[9]

Mr. King, joined by the attorney for the United States, respectfully requests that this Court, pursuant to Section 404 and 18 U.S.C. § 3582(c)(2), reduce his sentence to 147 months, comprising 27 months concurrent as to Counts 1 and 2, and consecutive to 120 months as to Count 3. According to Mr. King's Sentencing Monitoring Computation Data sheet dated May 6, 2019, Mr. King served 125 months and 26 days in BOP custody.[10] Using that computation, to date, Mr. King has served 126 months and 3 days in BOP custody.

## C. Application of the FSA to Defendant's Term of Supervised Release

The parties also agree that Mr. King is eligible for a reduction of his term of supervised release as to Count 2. The Court originally imposed three years of supervised

---

[8] ECF No. 59.
[9] USPO Reduction of Sentence Report at 4 (Apr. 14, 2019).
[10] Exhibit 1 at 3, Mr. King's Sentence Monitoring Computation Data (May 6, 2019).

3

release as to Count 1 and four years of supervised release as to Counts 2 and 3.[11] Under the FSA, the term of supervision for Count 2 is reduced to three years. Accordingly, the parties agree that this Court should reduce the term of supervision for Count 2 from four years to three years. The parties agree that the total term of supervision should remain at four years and that all other conditions of supervision shall remain the same.

### D. Waivers; Review and Consent of Defendant

Mr. King knowingly and voluntarily waives any right to appeal any aspect of the revised sentence, except that, if the revised sentence exceeds the recommended term of 147 months, Mr. King does not waive any rights he may have to appeal that aspect of the revised sentence.[12]

Mr. King waives any right he may have to a hearing on his motion under Section 404 of the First Step Act and any right he may have to attend such a hearing. He has reviewed this Joint Stipulation with defense counsel, and he agrees with and consents to this Joint Stipulation.[13]

### E. Acknowledgment of Reserved Rights

Notwithstanding this Joint Stipulation, the United States expressly preserves and does not waive its contentions that a defendant seeking relief under Section 404(b) of the First Step Act has no constitutional or statutory right to counsel, to a hearing on the motion, or to be present at any hearing on the motion.

---

[11] ECF No. 59.

[12] *See* Exhibit 2, Mr. King's Declaration.

[13] *See id.*

4

**F.     Conclusion**

For the foregoing reasons, the parties respectfully request that this Court reduce Mr. King's sentence pursuant to Section 404 of the First Step Act and enter an amended judgment sentencing him 147 months' imprisonment and 4 years' supervised release, with all other provisions of the amended judgement dated July 13, 2009, to remain in effect.[14] We also ask the Court to include in the amended judgment, Mr. King's credit for time served (as of June 7, 2019, he has served 126 months and 3 days in BOP custody).

DATED this 7th day of June, 2019.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | NICHOLAS A. TRUTANICH<br>United States Attorney |
| By */s/ Sylvia A. Irvin*<br>SYLVIA A. IRVIN<br>Assistant Federal Public Defender | By */s/ Elizabeth O. White*<br>ELIZABETH O. WHITE<br>Assistant United States Attorney |

**ORDER**

Based on the parties' amended stipulation [ECF No. 92] and Section 404 of the First Step Act of 2018, IT IS HEREBY ORDERED that defendant Charles King's sentence be reduced to a total sentence of 147 months' imprisonment(27 months for counts 1 and 2, concurrent; 120 months for count 3), followed by 4 years' supervised release(3 years for counts 1 and 2; 4 years for count 3), with credit for having served 126 months and 6 days in BOP custody as of the date of this order. **The Clerk of Court is directed to ENTER an AMENDED JUDGMENT reflecting this reduced sentence** and credit. All other pending motions **[ECF Nos. 82 and 91] are DENIED** as moot.

DATED: 6/10/2019   _____
UNITED STATES DISTRICT COURT JUDGE

---

[14] The parties make this joint recommendation after having reviewed Mr. King's BOP progress reports along with other relevant records. If the Court is inclined to deny the jointly recommended sentence reduction, the parties respectfully request an opportunity to provide those records for the Court's review and to make additional argument in support of the Joint Stipulation.